UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CODAN FORSIKRING A/S,

Plaintiff,

vs.

LINEAGE LOGISTICS PFS, LLC,
LINEAGE LOGISTICS LLC, and
LINEAGE TRANSPORTATION LLC,

Defendants.

_________________________________/

# COMPLAINT

**COMES NOW** the Plaintiff, CODAN FORSIKRING A/S, ("Codan"), by and through its undersigned counsel, and for its Complaint sues the Defendants, LINEAGE LOGISTICS PFS, LLC, LINEAGE LOGISTICS LLC, LINEAGE TRANSPORTATION LLC, and their related subsidiaries and affiliates (collectively "Defendants" or "Lineage") and as grounds therefore alleges the following:

## JURISDICTION

1. This action arises from loss or damage to a shipment of 3,349 cartons of frozen shrimp (the "Cargo") transported from Paita, Peru to Hialeah Gardens, Florida on or about October-November, 2023.

2. This Honorable Court has jurisdiction pursuant to 28 USC § 1332, in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) insofar as Defendants operate in this District and are subject to the personal jurisdiction of this Honorable Court.

**PARTIES**

4. At all times relevant hereto, Codan was and now is a corporation organized and existing by virtue of Danish law, with an office and place of business at Gammel Kongevej 60, 1790 Copenhagen V, Denmark. Pursuant to a policy of insurance, Codan paid its insured, Suram Trading Corporation, with a principal place of business at: 2665 Le Jeune Road, Coral Gables, Florida 33134, for loss of and/or damage to the subject shipment and has become subrogated to the rights of its insured, whatever those rights may be.

5. At all times relevant hereto, Defendant Lineage Logistics PFS, LLC was and now is a corporation organized and existing by virtue of Delaware law, with offices and places of business at 13801 NW 112th Ave, Hialeah Gardens, Florida 33018, and was and now is engaged in business as a provider of global warehousing.

6. At all times relevant hereto, Defendant Lineage Logistics LLC was and now is a corporation organized and existing by virtue of Delaware law, with offices and places of business at 1201 Hays Street Tallahassee, Florida 32301, and was and now is engaged in business as a provider of global warehousing.

7. At all times relevant hereto, Defendant Lineage Transportation, LLC was and now is a corporation organized and existing by virtue of Delaware law, with offices and places of business at 13801 NW 112th Ave, Hialeah Gardens, Florida 33018, and was and now is engaged in business as a common carrier of goods for hire and issuing bills of lading for the international carriage of goods.

## THE CLAIM

8. At all material times relevant hereto, the carriage and storage instructions to which Defendants agreed, stated that the cargo must be carried and stored at a temperature of -22°C.

9. On or about October 26, 2023, the Cargo was placed in container no. SEGU966596-3 (the "Container") and was tendered to the ocean carrier in good order and condition, within the temperature range of -22°C and suitable in every respect for the intended transportation, which the ocean carrier received, accepted, and agreed to transport by ocean carriage for certain consideration from Peru to the United States, using specialized care and services designed to lessen the risk of harm to the Cargo, as more fully described in bill of lading no. MEDUP3056298.

10. On or about October 31, 2023, the Container was loaded on board the M/V MSC VIDISHAR which sailed for Colon under voyage no. NQ343R. On November 5, 2023, the Container was discharged in Colon and loaded on board the M/V MSC PETRA on November 6, 2023, which sailed to Freeport under voyage no. UA340R. The Container was discharged in Freeport on November 19, 2023, and then sailed for Port Everglades, Florida under voyage no. UE344B.

11. On or about November 21, 2023, the Container was discharged in Port Everglades, Florida and transferred to Lineage on or about November 22, 2023.

12. The Cargo was tendered to Lineage in good order and condition, within the temperature range of -22°C, and was suitable in every respect for the intended transportation and storage, which Lineage received, accepted, and agreed to transport by inland carriage and for certain consideration from Port Everglades, Florida to Hialeah Gardens, Florida for cold storage at Defendants' warehouse facility using specialized care and services designed to lessen the risk of harm to the Cargo.

13. Delivery to Lineage's warehouse facility was made on the same day, and according to the warehouse keeper's receiving tally, the Container was unloaded on November 27, 2023. No cartons were opened, nor temperatures measured at unloading.

14. On or about November 29, 2023, an employee of the buyer inspected the goods at Lineage's warehouse and discovered snow/ice crystal formations on the Cargo.

15. Despite the agreement to maintain a temperature of -22°C and not to freeze for the duration of the transit and storage of the Cargo, the Cargo experienced a prolonged decrease in temperature and froze during transit and storage while in the care, custody, and control of Defendants prior to arrival and delivery. Therefore, Defendants failed to deliver the Cargo at destination in the same good order and condition as it was received.

16. As a result, the Cargo was physically damaged and impaired in value by the temperature deviations sustained during inland carriage and/or warehouse storage.

17. By reason of the premises, Defendants breached their statutory, common-law, and contractual duties and obligations as carriers and/or bailees of the Cargo, including, but not limited to, breaching the contracts of carriage storage and their warranties with respect to their controlled-temperature services; and were otherwise at fault.

18. Plaintiff Codan and its subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part.

19. Codan brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the Cargo, as their respective interests may ultimately appear, and Codan is entitled to maintain this action.

20. Codan has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $118,278.17.

**COUNT I - BREACH OF CONTRACT**

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "20" of the Complaint with the full force and effect as if set forth herein.

22. On or before October 2023, Defendants agreed to accept the Cargo, transport it using inland carriage, properly store it in cold storage, and redeliver it in the same good order and condition as when it was received by Defendants, ensuring the Cargo was transported and stored in a safe and compliant manner, communicating accurate information and requirements about the shipment and the Cargo, selecting proper, able, and adequate equipment, capable of safely, securely, and properly transporting, storing and delivering the Cargo to its intended destination, and/or otherwise meeting the requisite standard of care with respect to the Cargo and the shipment.

23. By reason of the foregoing breach, and notwithstanding its contractual responsibilities, Defendants materially breached the contracts of carriage and storage, *inter alia*, by failing to redeliver the Cargo in the same good order and condition as received, among other material deficiencies.

24. Codan and its subrogor have duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

25. By reason of the foregoing, Codan has sustained damages which are presently unknown, but may be best estimated as $118,278.17, no part of which has been paid though duly demanded.

**COUNT II - NEGLIGENCE**

26. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "25" with full force and effect as if set forth herein.

27. Defendants had a duty to Codan's subrogor with respect to the Cargo and the shipment and was obligated to perform its transportation and warehousing services in a reasonably prudent manner, with the requisite degree of care.

28. Notwithstanding, Defendants breached their duty by, *inter alia,* negligently transporting, handling and/or maintaining the Cargo in a manner consistent with instructions, dealings, industry standards, customs, practices and/or otherwise failed to avoid damage to the Cargo.

29. Defendants' negligent acts and/or omissions damaged the Cargo.

30. Solely by reason of the negligence of Defendants, and as a direct and proximate cause thereof, Codan and its subrogor were caused to suffer damages.

31. At the time and place aforesaid, Defendants caused and created the condition that gave rise to the damage to the Cargo.

32. The damage to the Cargo was caused solely and wholly by the negligence of Defendants without any fault or lack of care on the part of Codan and its subrogor.

33. Codan and its subrogor, have duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

34. By reason of the foregoing, Codan has sustained damages which are presently unknown, but may be best estimated as $118,278.17, no part of which has been paid though duly demanded.

**COUNT III - BREACH OF BAILMENT**

35. Plaintiff repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "34" with full force and effect as if set forth herein.

36. The Cargo was subject to a bailment arrangement between Codan's subrogor and Defendants, which commenced when the Cargo was delivered to, and accepted by Defendants.

37. The Cargo was delivered to Defendants in good order and condition and suitable in every respect for the intended transportation and storage.

38. Defendant returned the Cargo in damaged condition.

39. Solely by reason of the negligence of Defendants, while the Cargo was in the exclusive care, custody and control of Defendants, and as a proximate and legal consequence of Defendant's negligent performance under the bailment arrangement, the Cargo was damaged.

40. Codan and its subrogor, have duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

41. By reason of the foregoing, Codan has sustained damages which are presently unknown, but may be best estimated as $118,278.17 (USD), no part of which has been paid though duly demanded.

**W H E R E F O R E,** the Plaintiff prays:

a. that process in due form of law according to the practice of this Court may issue against Defendants, citing them to appear and answer the foregoing;

b. that a judgment may be entered in the favor of Codan against Defendants, jointly and severally, in the amount of $118,278.17, together with costs, interest, and reasonable attorney's fees; and

c. for such other and further relief as this Court may deem just and proper under the circumstances.

March 19, 2025
Miami, Florida

By: S/Michael C. Black

**Michael C. Black, Esquire**
F.B.N. 0056162
mblack@marlaw.com
**MICHAEL C. BLACK, P.A.**
7700 North Kendall Drive, Suite 305
Miami, Florida 33156
Telephone: (305) 271-8301
Facsimile: (305) 271-8302
*Counsel for Plaintiff*